UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARYL ROGERS,

          Plaintiff,

   v.

WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*,

          Defendants.

Case No. 3:21-cv-05011-BJR-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT AND DENYING MOTION FOR COUNSEL

This matter is before the Court on Plaintiff's filing of a civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 6. Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro se*. Considering deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before July 19, 2021, Plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

PLAINTIFF'S COMPLAINT

Plaintiff alleges his rights under the Eight Amendment and the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*. ("ADA"), were violated when he was denied a Health Status Report ("HSR") permitting him to eat his meals in his cell. Dkt. 6, at 2–6.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT AND DENYING MOTION FOR COUNSEL
- 1

Plaintiff alleges that he is legally blind, he uses a walker, he suffers a neck disability that prevents him from consuming his meals in the prison cafeteria, and the denial of the HSR to eat meals in his cell has therefore deprived him of regular meals dating back to July 29, 2019. *Id*.

The complaint contains an extensive narrative describing Plaintiff's neck injury, the denials of his HSR, the processing of his grievances and concerns about using a walker as opposed to a wheelchair, discussing actions taken by numerous individuals. Dkt. 6 at 2–49. But these allegations do not specify the legal causes of action Plaintiff is asserting, nor do they identify the specific claims made against each defendant. Indeed, the complaint does not identify the specific defendants who are being sued. As discussed below, Plaintiff must file an amended complaint that complies with Fed. R. Civ. P. 8(a) and the pleading format required by Fed. R. Civ. P. 10 (a), and must list each defendant against whom Plaintiff is pursuing a claim and identify the specific conduct of each defendant that caused his alleged injuries.

Furthermore, it is not clear whether Plaintiff intends to bring other claims in addition to his claims for deprivation of meals. If Plaintiff intends to bring claims related to his medical treatment, claims under the ADA or claims for alleged violation of his Due Process rights, his claims must comply with the legal principles set forth below.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.

§ 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Although the Court holds the pleadings of pro se plaintiffs to "less stringent standards than those of licensed attorneys," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 198–99 (9th Cir. 1995). The Court should not "supply essential elements of the claim that were not initially pled." *Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). To

meet this standard, Plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). To meet the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A.  Rule 8(a) and Form of Complaint

As an initial matter, the Court notes that Plaintiff has not used the form established by the court for claims under Section 1983, nor has he presented his complaint in the format required by Fed. R. Civ. P. 10(a)—which requires that a complaint "have a caption with the court's name, a title, a file number, and . . . the title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). Indeed, Plaintiff's complaint nowhere identifies the defendants against whom this action is brought. Dkt. 6. Plaintiff included a "Defendants List" in a subsequent filing (Dkt. 8-1), but this does not correct the deficiency; this information must be included in an amended complaint, using, or closely following, the form provided by the Court.

Furthermore, the complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, which provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

      Here, Plaintiff provides a narrative but does not explain the legal claims he is bringing and does not identify the defendants against whom he brings each claim. To comply with Rule 8(a), Plaintiff must write out short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). This information must be provided for each defendant in each claim. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific deprivation of a federal constitutional or statutory right suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

B.     <u>Improper Defendants—Section 1983 Claims</u>

      The complaint appears to bring claims against defendants who are not proper defendants in a Section 1983 action. The Department of Corrections ("DOC") and Stafford Creek Corrections Center ("SCCC") are not defendants who can be sued in an action under 42 U.S.C. § 1983[1]. Neither states, nor entities that are arms of the state, such as the DOC or SCCC are "persons" for purposes of Section 1983. *Howlett v.*

---

[1] The State and agencies or departments of Washington State may be sued under the Americans with Disabilities Act, but not under Section 1983. See section D3, below.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT AND DENYING MOTION FOR COUNSEL
- 5

*Rose*, 496 U.S. 356, 365–66 (1990); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). Accordingly, Plaintiff may not bring claims under Section 1983 against DOC or SCCC. Instead, he must name the individuals at the prisons whose alleged conduct violated his constitutional rights.

C. <u>Supervisory Liability</u>

Plaintiff names as defendants individuals who are described as supervisors. If Plaintiff seeks to hold a supervisory defendant liable in their individual capacity, he must either allege facts demonstrating that the defendant personally participated in the constitutional deprivation, or, set forth facts showing a sufficient causal connection between the supervisory defendant's acts or omissions and the alleged constitutional violation. *Keates v. Koile,* 883 F.3d 1228, 1242–43 (9th Cir. 2018).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how one or more individual defendants each caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Further, a Section 1983 suit cannot be based on vicarious liability alone. Rather, it must allege the defendant's own conduct violated the Plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT AND DENYING MOTION FOR COUNSEL
- 6

supervisor who did not personally participate in the alleged misconduct may be held liable only "based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)."Thus, a supervisor may 'be liable in [their] individual capacity for [their] own culpable action or inaction in the training, supervision, or control of [their] subordinates; for [their] acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'" *Rodriguez v. County of Los Angeles,* 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Keates v. Koile,* 883 F.3d 1228, 1243 (9th Cir. 2018) [quoting *Starr v. Baca,* at 1208]).

The other category of claim that may be brought under Section 1983 against a supervisory agency official, would be concerning the official's authority to implement policy in their official capacity; yet an official capacity lawsuit may only be brought for prospective injunctive relief, not for damages. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *McRorie v. Shimoda,* 795 F.2d 780, 783 (9th Cir. 1986). It appears that Plaintiff seeks accommodation for his disabling conditions, and requests an order that the defendants not retaliate. Dkt. 6 at 7. He also seeks $100 million, or the maximum damages allowed by law. *Id.* It is not clear whether Plaintiff is challenging a custom, practice, or policy—but he does mention that he is suing all of the defendants both personally and professionally.

If Plaintiff intends to claim that any of the defendants were policy-level officials who were responsible for implementing any policies that he is challenging, then he should specify: what policies, customs, or practices is he challenging; which defendant(s) are responsible for implementing those policies, customs, or practices; and

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT AND DENYING MOTION FOR COUNSEL
- 7

describe the causal connection—facts that would show a link of causation between the policies, customs, or practices, and the alleged federal constitutional or statutory deprivation. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *McRorie v. Shimoda,* 795 F.2d 780, 783 (9th Cir. 1986).

D.  Legal Standards

The following paragraphs set forth some of the legal standards that *may* apply to the claims that Plaintiff appears to allege. Plaintiff should carefully review the standards and, in his amended complaint, bring only those claims that he believes, in good faith, are cognizable.

1.  Conditions of Confinement

The Eighth Amendment governs the "treatment a prisoner receives in prison and the conditions under which he is confined . . ." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials are required to provide inmates with adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

If Plaintiff intends to pursue a claim of unconstitutional conditions of confinement, he must allege facts establishing each of the elements set forth above against each specifically named defendant and should include all of these allegations in one section of his complaint.

### 2. Medical Treatment

To state a Section 1983 claim for inadequate medical care in violation of the Eighth Amendment, a plaintiff must include factual allegations that a state actor was deliberately indifferent to his serious medical needs. A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992). First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling*, 509 U.S. at 32–35; *McGuckin*, 974 F.2d at 1059.

Second, the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir.1995). Moreover, a plaintiff cannot succeed on the merits based on a claim of negligence or his own general disagreement with the treatment he has received. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988).

If Plaintiff intends to pursue a claim of medical deliberate indifference, he must allege facts establishing each of the elements set forth above against each specifically named defendant and should include all of these allegations in one section of his complaint.

### 3. ADA Claim

Title II of the Americans with Disabilities Act (ADA) applies to inmates within state prisons. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998). The statute provides in relevant part:

> . . . [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. To prove a violation of Title II of the ADA, a plaintiff must show:

> (1) [H]e is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.

*Duvall v. County of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001), citing *Weinreich v. Los Angeles County Metropolitan Transp. Auth.,* 114 F.3d 976, 978 (9th Cir. 1997). If Plaintiff seeks to obtain monetary damages, he must establish intentional discrimination on the part of state officials. *Ferguson v. City of Phoenix,* 157 F.3d 668, 674 (9th Cir. 1998). Finally, the ADA does not provide a cause of action for challenges to a prisoner's medical care. *Simmons v. Navajo Co., Arizona,* 609 F.3d 1011, 1022 (9th Cir. 2010).

The appropriate defendants in an ADA claim differ from a Section 1983 claim. A plaintiff cannot bring an ADA claim against defendants in their individual capacities. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Instead, the proper defendant in an ADA action is the public entity responsible for the alleged discrimination. *United States v. Georgia*, 546 U.S. 151, 154 (2006). "A potential defendant under the statute is any 'public entity' which includes, among others, 'any State or local government'; and 'any department, agency, special purpose district, or other instrumentality of a State or

States or local government.'" *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001) (quoting 42 U.S.C. § 12131)). Thus, an ADA claim may be brought against the State of Washington or the DOC. In addition, "[a]lthough individual defendants may not be sued in their individual capacities under Title II of the ADA, they may be sued in their official capacities because suing an individual in his official capacity is treated the same as suing the entity itself." *Id*.

To allege an ADA cause of action, Plaintiff must allege facts showing that he is a "qualified individual with a disability," that he was denied the benefits of the DOC institution or otherwise discriminated against, and that the discrimination was by reason of his disability. If Plaintiff intends to pursue this claim, he should include all of his factual allegations against specifically named defendants in one section of his amended complaint.

### 4. Processing of Grievances

It is not clear whether Plaintiff seeks to bring a claim related to the processing of his grievances. Plaintiff cannot state a cognizable claim under Section 1983 for failure to process grievances because prisoners have no stand-alone due process rights related to the administrative grievance process. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Allen v. Wood*, 970 F. Supp. 824, 832 (E.D. Wash. 1997); *Stewart v. Block*, 938 F. Supp. 582, 588 (C.D. Cal. 1996). As there is no right to any particular grievance process, it is impossible for Plaintiff's due process rights to have been violated by ignoring his grievances or failing to properly process them.

E. Request for Appointment of Counsel

Finally, Plaintiff's complaint contains a request for the appointment of counsel, asserting that he has been unable to access the prison law library due to restrictions imposed as a result of the COVID 19 pandemic; Plaintiff also filed a separate motion for counsel. Dkt. 6 at 4; Dkt. 10.

No constitutional right exists to appointed counsel in a Section 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff indicates that due to COVID-19-related lockdowns he has difficulty accessing the law library. Dkt. 6 at 3–4; Dkt. 10 at 7. But this is not an exceptional circumstance that sets Plaintiff aside from any other prisoner litigant during this pandemic. Plaintiff further states that he is disabled and has been determined to be legally blind. Dkt. 6 at 2; Dkt. 10 at 3–6. But Plaintiff has successfully filed his complaint

and has demonstrated an adequate ability to articulate factual and legal basis of his claims, even though, as discussed above, the complaint in its current form is deficient. In addition, he has demonstrated an ability to read and comprehend this Court's orders and to timely and accurately respond to them. *See, e.g.* Dkt. 8.

Furthermore, at this point it is premature to assess the likelihood of success on the merits or whether the issues in this case are necessarily complex. In sum, Plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel at this time. Plaintiff's request for the appointment of counsel is therefore **DENIED.** However, the denial is without prejudice and another request may be brought if circumstances change as this litigation progresses.

## CONCLUSION

Plaintiffs motions for appointment of counsel, Dkts. 6 at 4; Dkt. 10 are DENIED without prejudice. Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before July 19, 2021**. If an amended complaint is filed, it must set forth a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on (or closely following) the form provided by the Court. The amended complaint must be legibly rewritten or retyped in

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT AND DENYING MOTION FOR COUNSEL
- 13

its entirety, it should be an original and not a copy, it must contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474.

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983 and contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 19th day of May, 2021.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT AND DENYING MOTION FOR COUNSEL
- 14