UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF
WASHINGTON AT TACOMA

DARYL ROGERS,

               Plaintiff,

    v.

WASHINGTON DEPARTMENT OF CORRECTIONS,

              Defendants.

Case No. C21-5011 BJR-TLF

ORDER GRANTING PLAINITFF'S MOTION TO STAY FURTHER PROCEEDING AND DENYING PLAINITFF'S MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on plaintiff's motion to stay (Dkt. 65) and motion to appoint counsel (Dkt. 66).

**A. Plaintiff's Motion to Stay**

Plaintiff requests that the Court grant his motion to stay his case for 90-120 days in light of his recent transfer from Stafford Creek Corrections Center (SCCC) to Airway Heights Corrections Center (AHCC). Dkt. 65 at 1. Plaintiff states that his property, including his legal documents, may take up to 90 days to be transferred to his new location. *Id.*

Defendants state that at the time of plaintiff's transfer to AHCC, DOC transferred three boxes of plaintiff's possessions to his new facility at DOC's expense in accordance with DOC policy. Dkt. 67 at 2. Anything in excess of three boxes has to be paid at plaintiff's request and own expense, and defendants are not aware of plaintiff arranging for the transport of his additional possessions, including his legal documents.

ORDER GRANTING PLAINITFF'S MOTION TO STAY
FURTHER PROCEEDING AND DENYING PLAINITFF'S
MOTION FOR APPOINTMENT OF COUNSEL - 1

Defendants do not oppose a reasonable extension of the deadlines in the pretrial scheduling order so that plaintiff can arrange for the transport of his legal materials.

The Court, having considered plaintiff's motion and defendants' response, the Court GRANTS plaintiff's motion and orders that proceedings regarding all parties in this matter will be stayed for **sixty days** from the date of this Order.

Accordingly, the Court hereby establishes the following amended pretrial schedule:

- Any dispositive motions shall be filed and served by **March 10, 2023**.

**B. Plaintiff's Motion to Appoint Counsel**

This is plaintiff's second motion for appointment of counsel. Plaintiff filed his first such motion on May 7, 2021, which the Court denied. Dkts. 10-11. Having carefully considered that motion and balance of the record, the Court finds plaintiff's current motion should be denied as well.

There is no constitutional right to have counsel appointed in a 42 U.S.C. § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his

claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff requests appointment of counsel because of an inability to afford a private attorney, because the issues in this case are complex, and because he has limited knowledge of the law. Dkt. 66, p. 1-3. The inability to afford private counsel, however, is not the type of exceptional circumstance that might warrant appointment of counsel at government expense. Rather, it is the type of condition of confinement that all inmates who file civil rights complaints in general face. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1998).

The same is true in regard to plaintiff's limited knowledge of the law, given that plaintiff has not shown access these factors have prevented him from being able to articulate the factual basis of his claims pro se. To the contrary, plaintiff's filings indicate quite the opposite.

It is premature to assess the likelihood of success or whether the issues in this case are necessarily complex. After dispositive motions are filed on the issues in this case, there will be additional clarity regarding whether any genuine dispute of material fact is ready for trial. At that time plaintiff potentially may have another opportunity to bring to the Court's attention the issue of whether counsel should be appointed.

1     Accordingly, plaintiff's motion for appointment of counsel (Dkt. 66) is DENIED.

**C.  Conclusion**

Based on the foregoing, plaintiff's motion to stay all proceedings for 60 days is GRANTED. Any dispositive motion shall be filed and served by March 10, 2023. Further, plaintiff's motion for appointment of counsel is DENIED. The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.

Dated this 15th day of December, 2022.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PLAINITFF'S MOTION TO STAY FURTHER PROCEEDING AND DENYING PLAINITFF'S MOTION FOR APPOINTMENT OF COUNSEL - 4