UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARYL ROGERS,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>　　　　　　　Defendants. | Case No. 3:21-cv-05011-BJR-TLF<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on plaintiff's motion for reconsideration of order denying motion to appoint counsel (Dkt. 73). The Court DENIES this motion.

Plaintiff seeks reconsideration of the Court's Order denying his request for Court-appointed counsel. Dkt. 72. On December 15, 2022, the Court denied Plaintiff's second motion to appoint counsel (Dkt. 66) because Plaintiff did not show this case involves extraordinary circumstances, complex facts or law, or an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Dkt. 72. In his motion for reconsideration, plaintiff reiterates he needs Court-appointed counsel because he is indigent, is visually impaired and needs assistance in taking depositions and obtaining discovery. Dkt. 73. Plaintiff contends his claims of deliberate indifference render this case complex, and asserts he has shown he is likely to succeed on the merits because his complaint has survived screening and has stated a cognizable claim for relief. *Id*.

ORDER DENYING MOTION FOR RECONSIDERATION
- 1

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence. Plaintiff has not met the standard outlined in Local Civil Rule 7(h). Plaintiff fails to show a manifest error in the Court's prior ruling. Plaintiff also fails to provide new facts or legal authority which could not have been presented earlier or show this case presents an "exceptional circumstance" requiring the appointment of counsel. *See Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). As the Court previously found, plaintiff has shown he has sufficient ability to articulate his claims, and this case does not present extraordinary complexity that sets it apart from any other case brought by an incarcerated plaintiff.

As the motion for reconsideration does not meet the standard outlined in Local Civil Rule 7(h) or show appointment of counsel is appropriate at this time, plaintiff's motion (Dkt. 73) is DENIED.

Dated this 6th day of February, 2023.

*Theresa L. Fricke*
———————————————
Theresa L. Fricke
United States Magistrate Judge