UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARYL ROGERS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>　　　　　　　　Defendants. | Case No. 3:21-cv-05011-BJR-TLF<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |

　　　This matter comes before the Court on plaintiff's motion to appoint counsel. Dkt. 109. For the reasons discussed below, plaintiff's request is denied without prejudice.

　　　A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

　　　The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved", to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL WITHOUT PREJUDICE
- 1

1 | (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff
2 | must plead facts that show he has an insufficient grasp of his case or the legal issue(s)
3 | involved, as well as an inadequate ability to articulate the factual basis of his claim.
4 | *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).
5 | Although a *pro se* litigant may be better served with the assistance of counsel, that is
6 | not the test. *Rand*, 113 F.3d at 1525.
7 |     Plaintiff argues that he is indigent, is visually impaired and confined to a
8 | wheelchair, has limited access to the law library, is unable to conduct depositions or
9 | procure an expert witness as a result of his incarceration, and that he has attempted,
10 | without success, to retain counsel. Dkt. 109. Plaintiff has not identified conditions that
11 | render this case extraordinary or set his circumstances apart from those of any other
12 | incarcerated litigant. Furthermore, plaintiff has demonstrated that he has a sufficient
13 | grasp of the legal issues involved in this case and has adequately articulated the basis
14 | of his claim.

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL WITHOUT PREJUDICE
- 2

1         This case does not, at this time, present the extraordinary circumstances

2   required for the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The Court

3   therefore DENIES plaintiff's motion for appointment of counsel without prejudice.

Dated this 13th day of November, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL WITHOUT PREJUDICE
- 3