UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARYL ROGERS,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.<br><br>　　　　　　　　　Defendants. | Case No.: 21-cv-5011-BJR-TLF<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING SUMMARY JUDGMENT TO DEFENDANT DANDEE YOUNG |

## I.　　INTRODUCTION

Plaintiff Daryl Rogers brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against multiple defendants associated with the Washington Department of Corrections, including Defendant Danee Young who is a doctor at Stafford Creek Corrections Center. Plaintiff alleges that Dr. Young violated Plaintiff's First and Eighth Amendment rights, as well as acted negligently towards him in violation of Washington State law, while he was her patient. Currently before the Court is the Report and Recommendation of Magistrate Judge Theresa L. Fricke in which she recommends that this Court grant Dr. Young's motion for summary judgment. Dkt. No. 130. Having reviewed the Report and Recommendation, the summary judgment motion, response, and reply thereto, Plaintiff's objections to the Report and

1

Recommendation, the response and reply to the objections, the record of the case, and the relevant legal authority, the Court will adopt the Magistrate Judge's recommendation and grant summary judgment to Dr. Young. The reasoning for the Court's decision follows.

## II.   BACKGROUND

Plaintiff currently resides at Monroe Correctional Complex-Twin Rivers; however, during the time that he was under Dr. Young's care, he was housed at Stafford Creek Corrections Center, and before that, he was housed at Coyote Ridge Corrections Center. Plaintiff alleges that prior to his criminal conviction, he sustained a serious neck injury in a motor vehicle accident that resulted in significant left-side neck muscle contracture and secondary atrophy. He further alleges that while he was housed to Coyote Ridge, he was issued a Health Status Report ("HSR") that allowed him to eat his meals in his cell due to his neck injury ("the meals HSR"), but once he was transferred to Stafford Creek, the meals HSR was rescinded. Plaintiff claims that after he filed several grievances on the matter, he was issued a wheelchair to use at mealtime.

On June 17, 2020, Plaintiff fell, and Dr. Young examined him the next day. She diagnosed Plaintiff with cervical muscle contracture, secondary disuse atrophy, and right shoulder bruising and pain. Dr. Young prescribed non-steroidal anti-inflammatories and neck exercises. During this appointment, Plaintiff informed Dr. Young that he was using the wheelchair to ambulate for all activities as opposed to just mealtime and Dr. Young advised him of the risks of further atrophy associated with disuse due to continued use of the wheelchair. She then removed his access to the wheelchair and prescribed a seated, four-wheeled walker instead.

Dr. Young saw Plaintiff again approximately one month later. During this appointment Plaintiff reported that the walker was helping with his mobility and that he had improved neck flexion. Nevertheless, Plaintiff requested that he have access to a wheelchair again, which Dr.

Young denied on the grounds that the walker provided the same amount of support for his neck, there had been improvement in flexion, and continued use of the wheelchair could lead to further atrophy. This was Dr. Young's last appointment and interaction with Plaintiff.

Plaintiff alleges that Dr. Young inflicted cruel and unusual punishment on him when she denied him the meals HSR and by not issuing him a reasonable alternative to the meals HSR. He further contends that she retaliated against him in violation of his First Amendment rights by removing his access to a wheelchair and issuing him a seated walker instead because he complained and wrote grievances about being denied access to a wheelchair.

### III.   LEGAL STANDARD

Under the Federal Magistrates Act, a district court may assign a magistrate judge to determine any pretrial matter except motions for injunctive relief, judgment on the pleadings, summary judgment, class certification, or dismissal involuntarily or for failure to state a claim. 28 U.S.C. § 636(b)(1)(A). For those motions, a magistrate judge may make only findings and recommendations regarding dispositive matters. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district judge must review *de novo* those portions of proposed findings and recommendations to which a party objects. *Id*. The district judge may accept, reject, or modify, in whole or in part, the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id*.; *Solano v. Kroger Co*., 2020 WL 7028473, at *1 (D. Or. Nov. 30, 2020) ("The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination.").

Summary judgment is proper only if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986).

**IV.   DISCUSSION**

Magistrate Judge Fricke recommends that this Court grant summary judgment to Dr. Young on both of Plaintiff's claims against the doctor. The Magistrate Judge concludes that the record is devoid of any evidence that the doctor was deliberately indifferent to Plaintiff's medical needs and is likewise devoid of any evidence that she retaliated against Plaintiff for filing grievances regarding the disallowed wheelchair. Plaintiff objects to "the entire Report [a]nd Recommendation" because it addresses his care after he fell as opposed to "Dr. Young's failure to provide [him] access to mainline meals." Dkt. No. 132 at 1-2. Plaintiff argues that because the Report and Recommendation fails to address Dr. Young's alleged failure to provide him access to mainline meals, this Court should decline to adopt it.

The Court assumes that by claiming that Dr. Young failed to give him "access to mainline meals" Plaintiff is alleging that the doctor is responsible for the revocation of his meals HSR accommodation when he arrived at Strafford Creek. However, Plaintiff's complaint is devoid of factual allegations to suggest that Dr. Young was in anyway involved in the decision to revoke the meals HSR accommodation. Rather, the factual allegations in the complaint assert that Dr. Kenney, Dr. Herrington, MA Harder, and multiple other corrections officers were

responsible for the accommodation removal.[1] Nor did Plaintiff present any evidence in his opposition to Dr. Young's motion for summary judgment to suggest that she was responsible for revoking the HSR accommodation. Thus, Plaintiff's unsupported, conclusory allegation that Dr. Young denied him "access to mainline meals" is insufficient to defeat summary judgment.

As for Plaintiff's claim that Dr. Young violated his constitutional rights by removing his access to a wheelchair, the Magistrate Judge determined that the record is devoid of any evidence that Dr. Young was deliberately indifferent to Plaintiff's medical needs. Rather, Dr. Young exercised her professional judgment, determined that continued use of the wheelchair would be detrimental to Plaintiff, and ordered that he use a walker instead. Plaintiff failed to address this determination in his objections to the Report and Recommendation and while this Court is not required to review "any issue that is not the subject of an objection", *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Court has reviewed this portion on the Report and finds no error.

## V.     CONCLUSION

For the foregoing reasons, the Court HEREBY OVERRULES Plaintiff's objections and ADOPTS the Report and Recommendation. Plaintiff's claims against Dr. Young are dismissed with prejudice and she is dismissed from this case.

Dated this 20th day of June, 2024.

*[signature: Barbara J Rothstein]*
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[1] The complaint does state in conclusory fashion that Dr. Young "inflicted cruel and unusual punishment on plaintiff by denying plaintiff his medically necessary 'meals HSR'" but this conclusory statement is wholly unsupported by factual allegations. Dkt. No. 21 at ¶ 101. It is black letter law that the nonmoving party cannot defeat summary judgment with conclusory, self-serving statements. *See e.g. F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (conclusory, self-serving statements are insufficient to create a genuine issue of material fact).